UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

| | | |
|---|---|---|
| **DANIEL S. RABIN, individually and on behalf of all others similarly situated,** | ) ) | |
| | ) | **Case No. 2:17-CV-02619** |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | |
| | ) | |
| **TEMPUR SEALY INTERNATIONAL, INC.,** | ) | |
| **serve at:    Cogency Global, Inc.** | ) | |
| **2101 SW 21st Street** | ) | |
| **Topeka, KS  66604** | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| **and** | ) | |
| | ) | |
| **MATTRESS FIRM, INC.** | ) | |
| **d/b/a MATTRESS FIRM** | ) | |
| **serve at:    The Corporation Company, Inc.** | ) | |
| **112 SW 7Th St., suite 3C** | ) | |
| **Topeka, KS  66603** | ) | |
| | ) | |
| **Defendants.** | ) | |

## CLASS ACTION COMPLAINT

Plaintiff, Daniel S. Rabin ("Plaintiff"), by and through his attorneys, brings this action on behalf of himself and all others similarly situated.  Plaintiff hereby alleges as follows:

### NATURE OF THE ACTION

1.    This is a class action against defendants Tempur Sealy International, Inc. d/b/a Sealy Mattress Manufacturing Company, LLC ("Sealy") and Mattress Firm, Inc. d/b/a Mattress Firm ("Mattress Firm") (collectively "Defendants") for Defendants' denial of valid warranty claims related to mattresses manufactured by Sealy, which actions are made even more egregious when coupled with the Defendants' negligence and strict products liability in manufacturing and sale of defective mattresses.

2.      Plaintiff, on behalf of himself and all others similarly situated, alleges that Defendants have a pattern and practice of manufacturing and selling mattresses with known consistent defects in quality and workmanship, and for denying warranty claims related to said defects, which cause indentations or sagging of the mattresses, by denying claims whenever there is a minor stain on the mattress wholly unrelated to said defects, by requiring claimants to go to extraordinary lengths in making a successful claim to avoid an inspection, and for imposing an illegal inspection fee not mentioned at the point of sale.

3.      Plaintiff's action alleges breach of express warranty pursuant to Kansas law and pursuant to the Magnuson-Moss Warranty Act, negligence, strict products liability, and unjust enrichment (pled in the alternative to warranty claims).

4.      Plaintiff, on behalf of himself and all others similarly situated, seeks actual damages, economic damages, declaratory and injunctive relief, appropriate equitable relief, and attorneys' fees, costs, and expenses.

**THE PARTIES**

5.      Plaintiff is a citizen of the State of Kansas and resides in Overland Park, Kansas. In or about January 2012, Plaintiff purchased a Sealy brand Stearns & Foster mattress from a Mattress Firm store in Overland Park, Kansas.  After much difficulty, this mattress was eventually replaced with another mattress on or about January 12, 2016, at additional cost to Plaintiff.

6.      Sealy is a Delaware corporation headquartered in Lexington, Kentucky.  Sealy manufactures and distributes mattresses for sale through retailers to consumers under a variety of brands and names including Stearns and Foster.  Sealy purchased the Stearns & Foster Company

in late 1983.  Reference to Sealy herein includes any other brand, subsidiary, or brand name

owned or operated by Sealy to which the warranties at issue apply.

7.     Sealy is one of the largest manufacturers of mattresses in the world.

8.     Mattress Firm is a Delaware corporation headquartered in Houston, Texas, and

currently operates over 3,500 locations across 49 states nationwide.

9.     Mattress Firm is one of the largest bedding retailers in the United States.

## JURISDICTION AND VENUE

10.     The Court has subject matter jurisdiction over this action pursuant to the Class

Action Fairness Act of 2005, 28 U.S.C. §1332(d), because Plaintiff and Class members are of

diverse citizenship from Defendants, and the aggregate amount in controversy exceeds

$5,000,000.

11.     The Court has personal jurisdiction over Defendants in this case, as Defendants

are authorized to do business and, in fact, do business in this State, they have sufficient minimum

contacts with this State and otherwise intentionally avail themselves of the markets in this State

through the promotion, marketing and sale of products in this State, to render the exercise of

jurisdiction by the Court permissible under traditional notions of fair play and substantial justice.

12.     Venue is proper in this Court under 28 U.S.C. § 1391(b) because Defendants

engaged in substantial conduct relevant to Plaintiff's claims within this District and have caused

harm to Plaintiff and Class members residing within this District.

## FACTUAL ALLEGATIONS

13.     Sealy manufactures and distributes for sale mattresses under various brand names,

including the Sealy brand, Sealy Posturepedic, Optimum, and Stearns & Foster.

14.     Sealy promotes its mattress sets as "one of the finest sleep systems available."

15.     Sealy provides an express written warranty to every consumer who purchases one of its mattress products, by which warranty Sealy suggests that it wants purchasers to be completely satisfied with its mattresses.

16.     Sealy manufactures and distributes for sale mattresses throughout the United States and provides an express limited warranty ("express warranty") to the original purchaser of the mattress and foundation set.  The express warranty covers manufacturing defects in a mattress or foundation when the set is subject to proper handling and normal use in conjunction with a bed frame that provides Continuous Support.

17.     The express warranty provides for the repair or replacement, at Sealy's discretion, of a mattress that exhibit excessive sagging, while excluding indentations caused by misuse, abuse, factors other than a product defect, and normal body indentations as indicated by Sealy's provided measurements.

18.     The express warranty was drafted entirely by Sealy and neither Plaintiff nor any Class member had any input or ability to negotiate any portion of the warranty.

19.     A consumer who wants to make a warranty claim must first, contact the retail store where he/she purchased their sleep set, and if he/she cannot reach the store, write directly to Sealy's the Consumer Services Department.

20.     In or about January 2012, Plaintiff purchased a Sealy brand Stearns & Foster mattress (the "Mattress") from a Mattress Firm store in Overland Park, Kansas.  The mattress has a 10-year limited warranty.

21.     Due to the defective condition of the Mattress, excessive sagging of the Mattress occurred, and Plaintiff contacted the Mattress Firm store where he purchased the Mattress, and submitted a warranty claim.

22.     After much difficulty, this Original Mattress was eventually replaced with another mattress on or about January 12, 2016, at additional cost to Plaintiff.

23.     The Replacement Mattress has a similar defective condition resulting in excessive sagging, so Plaintiff again contacted the Mattress Firm store and submitted a warranty claim.

24.     As Sealy's instructions provide, claims pursuant to Sealy's warranty must be made through the retail store where the consumer purchased the concerned Sealy mattress.  The retail store has its authorized inspector determine the validity of consumers' claims made pursuant to Sealy's warranty.  Thus, the retail store is an independent co-warrantor of the Sealy mattresses.

25.     Mattress Firm and Sealy denied Plaintiff's warranty claim, refusing to repair or replace Plaintiff's mattress, refusing to provide an adequate explanation, and ultimately refusing to respond to Plaintiff's inquiries.

26.     On information and belief, valid warranty claims by consumers are routinely ignored or denied by the Defendants without justification.

27.     As a result of Defendants' conduct, Plaintiff and other Class members are damaged and have suffered economic loss, in terms of, inter alia, being left with a defective product after their valid warranty claims are denied, and being out-of-pocket for the time and associated costs of making their claims.

## CLASS ACTION ALLEGATIONS

28.     Plaintiff brings this suit as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure, on behalf of himself and all other similarly situated persons.

29.     Plaintiff seeks certification of certain Classes of consumers in the United States, as defined below.

30. The Rule 23(b)(2) Injunctive Relief Class, with respect to Sealy, initially may be defined as follows: All original purchasers of a mattress manufactured by Sealy, who purchased a Sealy mattress in the United States on or after January 12, 2016, and have maintained original ownership of said mattress. Excluded from the Class are the current and former directors, officers, employees, agents and representatives of Sealy, and members of their immediate families, and the Court and Court personnel.

31.     A Rule 23(b)(2) Injunctive Relief Subclass with respect to Mattress Firm, initially may be defined as follows: All original purchasers of a mattress manufactured by Sealy, who purchased from Mattress Firm a Sealy mattress in the United States on or after January 12, 2016, and have maintained original ownership of said mattress. Excluded from the Class are the current and former directors, officers, employees, agents and representatives of Sealy, and members of their immediate families, and the Court and Court personnel.

32.     The Rule (b)(3) Class initially may be defined as follows: All original purchasers of a mattress manufactured by Sealy, who purchased a Sealy mattress in the United States on or after January 12, 2016, and made a warranty claim that was denied, or about which Sealy refused to respond, without justification. Excluded from the Class are the current and former directors, officers, employees, agents and representatives of Sealy, and members of their immediate families, and the Court and Court personnel.

33.     A Rule 23(b)(3) Subclass with respect to Mattress Firm, initially may be defined as follows: All original purchasers of a mattress manufactured by Sealy, who purchased from Mattress Firm a Sealy mattress in the United States on or after January 12, 2016, and made a warranty claim that was denied, or about which Sealy refused to respond, without justification. Excluded from the Class are the current and former directors, officers, employees, agents and

representatives of Sealy Corporation, and members of their immediate families, and the Court and Court personnel.

34.     A Rule (b)(3) Kansas Subclass with respect to Sealy, initially may be defined as follows: All original purchasers of a mattress manufactured by Sealy, who purchased a Sealy mattress in Kansas on or after January 12, 2016, and made a warranty claim that was denied, or about which Sealy refused to respond, without justification.  Excluded from the Class are the current and former directors, officers, employees, agents and representatives of Sealy, and members of their immediate families, and the Court and Court personnel.

35.     A Rule 23(b)(3) Kansas Subclass with respect to Mattress Firm, initially may be defined as follows: All original purchasers of a mattress manufactured by Sealy, who purchased from Mattress Firm a Sealy mattress in the United States on or after January 12, 2016, and made a warranty claim that was denied, or about which Sealy refused to respond, without justification. Excluded from the Class are the current and former directors, officers, employees, agents and representatives of Sealy Corporation, and members of their immediate families, and the Court and Court personnel.

36.     Numerosity.  The proposed Classes are sufficiently numerous such that joinder is impractical.  Upon information and belief, the Rule 23(b)(2) Injunctive Relief Class consists of tens of thousands of members.  Upon information and belief, the Rule 23(b)(3) Class consists of at least hundreds of members.

37.     Common Questions of Fact and Law.  Common questions of fact and law exist as to all members of the proposed Classes and predominate over any questions affecting solely individual members, pursuant to Rule 23(b)(3).  Questions of fact and law, which, among others not listed, predominate over any individual issues are:

a. Whether the Sealy mattresses contain defects in quality and workmanship that make them prone to sagging and indentations;

b. Whether Mattress Firm is a co-warrantor, along with Sealy, of the Sealy mattresses;

c. Whether Defendants have a pattern and practice of attributing sagging and indentations of a Sealy mattress to outside factors, when said sagging and indentations are an inherent pervasive defect;

d. Whether Defendants direct warranty inspectors or other warranty claim handlers to attribute sagging and indentations of a Sealy mattress to outside factors, and or to fail to reply or respond to said warranty claims without justification;

e. Whether Defendants have a pattern and practice of breaching express warranties by denying warranty claims or failing to respond to the same without justification;

f. Whether Defendants breached express warranties;

g. Whether Defendants have acted or refused to act on grounds generally applicable to Plaintiff and the other Class members; and

h. Whether Plaintiff and the other Class members have been damaged and, if so, in what amount.

38.    Typicality.  Plaintiff has the same interests in this matter as all other Class members, and his claims are typical of other Class members.

39.    Adequacy.  Plaintiff will fairly and adequately protect the interests of the other Class members and has retained counsel competent and experienced in class action lawsuits.

Plaintiff has no interests antagonistic to, or in conflict with, those of the other Class members and, therefore, is an adequate representative for the Class members.

40.     Superiority.  A class action is superior to other available methods for the fair and efficient adjudication of this controversy because the joinder of all members of each Class is impracticable.  Furthermore, the adjudication of this controversy through a class action will avoid the possibility of an inconsistent and potentially-conflicting adjudication of the claims asserted herein. There will be no difficulty in the management of this action as a class action.

41.     Defendants have acted or refused to act on grounds generally applicable to all Class members, thereby making appropriate final and declaratory relief with respect to the Rule 23(b)(2) Injunctive Relief Classes.

## COUNT I - Breach of Express Warranty

42.     Plaintiff repeats and re-alleges the allegations contained in paragraphs 1 through 41 of this Complaint as if fully set forth herein.

43.     Sealy and Mattress Firm provide a limited written warranty ("express warranty") to original purchasers of Sealy mattresses.

44.     The express warranty was a part of the basis of the bargain for Plaintiff and the other Class members in purchasing Sealy mattress products.

45.     The express warranty extends to original purchasers and, thus, Plaintiff and the other Class members are in privity with Sealy.

46.     Defendants have breached the express warranty to Plaintiff and the other Rule 23(b)(3) Class members because Defendants have refused to provide replacements or repairs for the defective Sealy mattresses and/or respond to Plaintiff and the other class members without justification.

47.     Defendants have been put on reasonable notice of their breach of express warranty by virtue of Plaintiff's warranty claim and subsequent communications between Plaintiff and Defendants, including calls and emails between Plaintiff and the Defendants' customer service departments prior to the filing of this Complaint.

48.     Upon visiting the Mattress Firm store to discuss the ongoing issue, an employee and agent of Mattress Firm admitted to Plaintiff that the model of the Mattress in question has pervasive defects affecting a large percentage of said model.

49.     As a direct result of the failure of Sealy's mattress products to perform as expressly warranted and Defendants' unjustified denial of warranty claims, Plaintiff and the other members of the Rule 23(b)(3) Class and Subclass have been damaged and have suffered economic loss, in terms of, inter alia, being left with a defective product after their valid warranty claims are denied, and being out-of-pocket for their time and costs incurred.

WHEREFORE, Plaintiff requests that a Rule 23(b)(3) Class and Subclass (as defined above) be certified with Plaintiff appointed as the Representative of both Classes, that judgment be granted against Defendants in an amount that is fair and reasonable, together with prejudgment interest as provided by law, and that Plaintiff receives such other relief as the Court deems proper and just under the circumstances, including payment of costs and expenses in filing this suit, and reasonable attorneys' fees.

**COUNT II - Breach of Express Warranty under the Magnuson Moss Warranty Act**

50.     Plaintiff repeats and re-alleges the allegations contained in paragraphs 1 through 49 of this Complaint as if fully set forth herein.

51.     The Uniform Commercial code § 2-313 provides that an affirmation of fact or promise made by the seller to the buyer that relates to the goods or becomes part of the basis of the bargain, creates an express warranty that the goods shall conform to the promise.

52.     The Magnuson-Moss Warranty Act provides for a civil action by consumers for the failure of a supplier, warrantor, or service contractor, to comply with a written warranty arising under state law.

53.     As demonstrated above, Defendants have failed to comply with the terms of the express warranty with regard to the defective Sealy mattresses.

54.     Sealy's mattress products are consumer products as defined in § 2301(a) of the Magnuson-Moss Warranty Act.

55.     Defendants are warrantors.

56.     Defendants breached express warranties because, as alleged herein, they failed to offer repairs or replacement products to Plaintiff and the other members of the Rule 23(b)(3) Class and Subclass, pursuant to the terms of the express warranty.

57.     As a direct result of the failure of Sealy's mattress products to perform as expressly warranted and Defendants' unjustified denial of warranty claims, Plaintiff and the other members of the Rule 23(b)(3) Class and Subclass have been damaged and have suffered economic loss, in terms of, inter alia, being left with a defective product after their valid warranty claims are denied, and being out-of-pocket for the time and costs incurred.

WHEREFORE, Plaintiff requests that a Rule 23(b)(3) Class and Subclass (as defined above) be certified with Plaintiff appointed as the Representative of both Classes, that judgment be granted against Defendants in an amount that is fair and reasonable, together with prejudgment interest as provided by law, and that Plaintiff receives such other relief as the Court

deems proper and just under the circumstances, including payment of costs and expenses in filing this suit, and reasonable attorneys' fees.

### COUNT III – Violation of the Kansas Consumer Protection Act

58.     Plaintiff repeats and re-alleges the allegations contained in paragraphs 1 through 57 of this Complaint as if fully set forth herein.

59.     The Kansas Consumer Protection Act ("KCPA"), K.S.A. §§ 50-623, *et seq.*, prohibits the use of deceptive an unconscionable acts and practices before, during, or after a consumer transaction in the state of Kansas.

60.     Plaintiffs are each a "consumer" for purposes of the KCPA.

61.     Defendants are each a "supplier" for purposes of the KCPA.

62.     The mattress purchases described herein were "consumer transactions" for purposes of the KCPA.

63.     As a direct and proximate result of the Defendants' conduct, as alleged herein, Plaintiffs have been damaged and are "aggrieved."

64.     The KCPA should be liberally construed to promote its policies of protecting consumers against suppliers that commit deceptive and unconscionable acts and practices. K.S.A. § 50-623, *et seq*; *Williamson v. Amrani*, 283 Kan. 227, 234 (2007).

65.     Violations of the KCPA can occur before, during, or after the consumer transaction.

66.     Defendants' violations of K.S.A. § 50-626, Deceptive Acts and Practices, include, but are not limited to, the following:

          a. Making representations knowingly, or with reason to know that property or

services have characteristics, uses, or benefits that they do not have, in violation of K.S.A. § 50-626(b)(1)(A);

b. Making representations knowingly, or with reason to know that property or services is of particular standard, quality, or grade, if they are of another which differs materially from the representation, in violation of K.S.A. § 50-626(b)(1)(D);

c. Making representations knowingly, or with reason to know that property or services has uses, benefits, or characteristics unless the supplier relied upon and possesses a reasonable basis for making such representation, in violation of K.S.A. § 50-626(b)(1)(F);

d. Making representations knowingly, or with reason to know that use, benefit, or characteristic of property or services has been proven or otherwise substantiated unless the supplier relied upon and possesses the type and amount of proof or substantiation represented to exist, in violation of K.S.A. § 50-626(b)(1)(G);

e. Willfully using, in any oral or written representation, an exaggeration, falsehood, innuendo, and/or ambiguity as to a material fact, in violation of K.S.A. § 50-626(b)(2);

f. Willfully failing to state a material fact and/or willfully concealing, suppressing, and/or omitting a material fact, in violation of K.S.A. § 50-626(b)(3); and

g. Falsely stating, knowingly or with reason to know, that the consumer transaction involved consumer rights, remedies, and/or obligations, in violation of K.S.A. § 50-626(b)(8).

67.     Defendants' violations of K.S.A. § 50-627, Unconscionable Acts and Practices, include, but are not limited to, the following:

a. The consumer was unable to receive a material benefit from the subject of the transaction, in violation of K.S.A. § 50-627(b)(3);

b. The transaction the supplier induced the consumer to enter into was excessively onesided in favor of the supplier, in violation of K.S.A. § 50-627(b)(5);

c. The supplier made misleading statements of opinion on which the consumer was likely to rely to the consumer's detriment, in violation of K.S.A. § 50-627(b)(6); and

d. The supplier excluded, modified or otherwise attempted to limit either the implied warranties of merchantability and fitness for a particular purpose or any remedy provided by law for a breach of those warranties, in violation of K.S.A. § 50-627(b)(7).

68.     Plaintiffs are authorized to recover their actual damages and/or statutory damages in the amount of $10,000.00 per violation.  K.S.A. §§ 50-634 and 50-636.

69.     In this case, Plaintiffs' actual damages include, but are not limited to, their emotional distress.

70.     Plaintiffs are further authorized to recover their reasonable attorneys' fees. K.S.A. § 50-634(e).

WHEREFORE, Plaintiff requests that Rule 23(b)(3) Kansas Subclasses (as defined above) be certified with Plaintiff appointed as the Representative of both Classes, that judgment be granted against Defendants in an amount that is fair and reasonable, together with prejudgment interest as provided by law, and that Plaintiff receives such other relief as the Court

deems proper and just under the circumstances, including payment of costs and expenses in filing this suit, and reasonable attorneys' fees.

### COUNT IV - Unjust Enrichment
### (pled in the alternative)

71.     Plaintiff repeats and re-alleges the allegations contained in paragraphs 1 through 70 of this Complaint as if fully set forth herein.

72.     Defendants have been unjustly enriched by retaining moneys from the sales of Sealy mattresses that are defective in quality and workmanship.

73.     Plaintiff and the other Class members have conferred benefits upon Defendants by purchasing Sealy mattress products.

74.     Defendants have knowingly and willingly accepted these benefits from Plaintiff and the other Class members.

75.     Under the circumstances, it is inequitable for Defendants to retain these benefits at the expense of Plaintiff and the other Class members.

76.     Defendants have been unjustly enriched at the expense and detriment of Plaintiff and the other Class members by wrongfully collecting and retaining money to which Defendants, in equity, are not entitled.

77.     Plaintiff and the other Class members are entitled to recover from Defendants all amounts wrongfully collected and improperly retained by Defendants, plus interest thereon.

78.     As a direct and proximate result of Defendants' unjust enrichment, Plaintiff and the other Class members have suffered injury and are entitled to reimbursement, restitution, and disgorgement from Defendants of the benefits conferred by Plaintiff and the other Class members.

WHEREFORE, Plaintiff requests that a Rule 23(b)(3) Class and Subclass (as the classes are defined above but modified to include only Kansas consumers and consumers in states with similar unjust enrichment laws) be certified with Plaintiff appointed as the Representative of both Classes, that judgment be granted against Defendants in an amount that is fair and reasonable, together with prejudgment interest as provided by law, and that Plaintiff receives such other relief as the Court deems proper and just under the circumstances, including payment of costs and expenses in filing this suit, and reasonable attorneys' fees.

### COUNT V - Declaratory and Injunctive Relief Pursuant to 28 U.S.C. § 2201

79.     Plaintiff repeats and re-alleges the allegations contained in paragraphs 1 through 78 of this Complaint as if fully set forth herein.

80.     There is an actual controversy between Defendants, on the one hand, and Plaintiff and the other Class members, on the other hand, concerning the validity of Defendants' asserted defenses whenever a stain is on a Sealy mattress, to otherwise valid warranty claims.

81.     Pursuant to 28 U.S.C. § 2201, the Court may "declare the rights and legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought."

82.     Defendants have wrongfully denied warranty claims based solely upon unjustifiable reasons, despite the root cause of the sagging or indentation being due to a defect in quality and workmanship of the mattress products.

83.     Accordingly, Plaintiff seeks a declaration that the express warranty by Sealy and its co-warrantor Mattress Firm, be construed in a manner such that the express warranty is effective in providing remedies for defects in the workmanship and manufacture of Sealy mattresses.

16

84. Plaintiff further requests that this court declare:

(a) That the warranty against failures in quality or workmanship is not voided by spills, burns, bent or broken border/grid wires, mattress or foundation damage due to abuse or abnormal use, damage due to use with inappropriate foundation, and damage due to bed frames that do not provide Continuous Support, unless such condition directly caused the covered warranty defect in quality or workmanship complained of by the consumer.

85. Plaintiff asks the Court to declare that a valid warranty claim for defects in quality or workmanship is not defeated simply because a separate condition exists in the mattress for which a warranty claim is not being made.

WHEREFORE, Plaintiff requests that a Rule 23(b)(2) Injunctive Relief Class and Subclass (as the classes are defined above) be certified with Plaintiff appointed as the Representative of both Classes, that the Court issue an injunction requiring Defendants to abide by the terms of the written warranty in the manner set forth above, that Defendants be financially responsible for notifying all Class members that their warranty is not void as against failures in quality or workmanship regardless of the condition of their mattress otherwise, that judgment be granted against Defendants in an amount that is fair and reasonable, together with prejudgment interest as provided by law, and that Plaintiff receives such other relief as the Court deems proper and just under the circumstances, including payment of costs and expenses in filing this suit, and reasonable attorneys' fees.

## PRAYER FOR RELIEF APPLICABLE TO ALL COUNTS

WHEREFORE, Plaintiff, on behalf of himself and all others similarly situated, prays that the Court grant the following relief:

A. An order certifying the Classes as set forth herein, and appointing Plaintiff and his counsel to represent the Classes;

B.  An order awarding Plaintiff and the other Class members actual and compensatory damages in an amount that may be proven at trial;

C. An order awarding Plaintiff and the other Class members restitution and/or disgorgement and other equitable relief as the Court deems proper;

D. An order granting Declaratory and Injunctive Relief as described above to Plaintiff and the other Class members;

E. An order awarding Plaintiff and the other Class members pre-judgment and post-judgment interest, as well as their reasonable attorneys' and expert-witness fees and other litigation costs and expenses, as provided by law; and

F. And such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues pled herein so triable.

Respectfully Submitted,

/s/ Benjamin N. Hutnick
Benjamin N. Hutnick #23666
Berman & Rabin, P.A.
15280 Metcalf
Overland Park, KS  66223
P: (913) 649-1555
F: (913) 652-9474
bhutnick@bermanrabin.com
*ATTORNEY FOR PLAINTIFF*